## Allen J. Watkins v. Andrew J. Newman.

1. CONTRACTS—*In Writing May be Changed by Subsequent Oral Agreement.*—A and B entered into a written contract, by which A was employed to negotiate for a sale of certain land belonging to B at a stipulated price. By a subsequent oral agreement, terms of sale previously discussed were substituted for the cash payment implied by the writing. *Held,* that such substitution was legally made; that the court properly admitted proof thereof, and properly instructed the jury upon that view of the law.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed June 16, 1897.

F. K. DUNN, attorney for appellant.

J. M. HAYES and JAS. W. & EDWARD C. CRAIG, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This suit was brought originally before a justice of the peace and was removed by appeal to the Circuit Court, where the plaintiff obtained a verdict, and judgment thereon, for one hundred dollars. The defendant prosecutes the present appeal. The claim of the plaintiff is for breach of contract by which, as alleged, the defendant placed his farm in the hands of the plaintiff for sale, on commission. The breach is that defendant himself sold the farm before the expiration of the time fixed within which the plaintiff might sell it, although the plaintiff had secured a buyer who was ready to take the property upon the terms proposed.

It appears that there were some verbal negotiations between the parties, and that the price which the defendant was willing to accept was $13,000. According to the proof offered by plaintiff he had a buyer in view at that price, and the only question between plaintiff and defendant was as to the terms of payment then agreed on.

Plaintiff insists it was understood that if the buyer would assume the incumbrances on the land for $6,000 and pay $3,000 in cash, the residue could be arranged by deferred payments, the principal point being to obtain the $3,000 cash payment in order to meet certain pressing demands, in the way of judgments against defendant. He also insists that the name of the proposed buyer was known to defendant, and that it was also known to him how far the matter had progressed with the buyer, and that plaintiff was to obtain for the buyer the sum of the required cash payment from another party.

When the business had reached this stage the plaintiff requested the defendant to sign a written contract in order to fix the rate of his commission, as he says, and thereupon the following instrument was signed by defendant and delivered to plaintiff:

"OFFICE OF

A. J. NEWMAN & Co., Real Estate and Loan Agents,
Southeast Corner of the Square,
CHARLESTON, ILL., November 12, 1895.

It is hereby agreed between the above named firm and
the undersigned that his property, consisting of 200 acres in
Hickory township, is listed with them for sale at $13,000,
and their commission shall be one and a half per cent when
the sale is made, if made by Friday, November 15th.

A. J. WATKINS."

According to the plaintiff there was a conversation
between him and defendant shortly after the paper was
executed, in which the defendant told him to go ahead
and make the sale as it had been talked over before, and he
thereupon proceeded with the arrangement with the pro-
posed buyer, secured the money for him to make the cash
payment, and it was understood that the deal should be
closed within the time fixed. In this his testimony is cor-
roborated by that of other witnesses, including the proposed
buyer and the party who was to furnish the money. Before
the 15th of November the defendant himself sold the prop-
erty for $13,500.

It was urged below and is here that all negotiations
between plaintiff and defendant were merged in the written
agreement. The court below so held but permitted plaintiff
to show the subsequent verbal arrangement by which
plaintiff was to go ahead and make the sale according to
the terms previously understood. The defendant however
insisted and still insists that this written agreement calls
for a sale for cash, and that thereby all that had passed
between the parties looking to a sale on different terms had
been abrogated, and was not to be considered in any way
or for any purpose.

This insistence would be well enough, and fatal to the
plaintiff's claim, were it not for the subsequent understand-
ing by which the terms of sale previously discussed were
substituted for those implied by the writing.

No reason is perceived why it was not competent to make
such substitution orally, and we think the court properly

admitted proof for that purpose, and properly instructed the jury upon that view of the law.

The evidence for defendant conflicts with that for the plaintiff as to whether there was such a subsequent arrangement, but the issue thus presented was for the jury, and there is no occasion to interfere with their conclusion. The case made by the plaintiff established a breach of contract by defendant, and the damages awarded by the verdict are within the range of the proof.

We find no error and think the judgment should be affirmed.